*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SONIA M. BEGGS, individually and as personal
representative for the ESTATE OF JAMES L.
BEGGS,

UNPUBLISHED
June 23, 2022

Plaintiff/Counterdefendant-Appellee,

v

No. 354797
Oceana Circuit Court
LC No. 19-013888-CH

STEVEN P. FREED,

Defendant/Counterplaintiff-Appellant.

Before: K. F. KELLY, P.J., and SHAPIRO and GADOLA, JJ.

SHAPIRO, J. (*concurring*).

I concur, though I do not subscribe to a portion of the majority's opinion. The majority
concludes that the language of the easement is unambiguous. I believe the trial court properly
concluded that the provision was ambiguous as to whether the "exclusive easement" was intended
to bar the owners of the servient estate from using their own property or to prevent a second
easement over that land being granted to some third party. Despite my difference with the majority
on this aspect of the analysis, because the extrinsic evidence makes the intent of the parties clear,
I agree with its conclusion that the easement was to be exclusive even as against the owners of the
servient estate. As to the issue regarding the scope of the easement, specifically with regard to
construction of a fence, I agree fully with the majority.

/s/ Douglas B. Shapiro

-1-